**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JEFFREY GAILEY** **PLAINTIFF**

**V.** **No. 4:26-CV-00010-KGB-ERE**

**FRANK BISIGNANO,**
**Commissioner of Social Security** **DEFENDANT**

**RECOMMENDED DISPOSITION**

This Recommendation Disposition ("RD") has been sent to United States Chief District Judge Kristine G. Baker. You may file objections if you disagree with the findings or conclusions set out in the RD. Objections should be specific, include a factual or legal basis, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact.

## I. Background

On January 14, 2022, Jeffrey Gailey protectively filed an application for benefits alleging severe post-traumatic stress disorder ("PTSD"), severe anxiety, severe panic attacks, and severe degenerative joint disease. *Tr. 17, 284.*

Mr. Gailey's claim was denied initially and upon reconsideration. At a November 5, 2024 hearing, an Administrative Law Judge ("ALJ") heard testimony from Mr. Gailey and a vocational expert ("VE"). *Tr. 129-134*. The ALJ issued a decision on January 17, 2025, finding that Mr. Gailey was not disabled. *Tr. 17-28.*

The Appeals Council denied Mr. Gailey's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-6.*

Mr. Gailey, who was forty-seven years old at the time of the hearing, attended some college classes, completed medical assistant training, and has past relevant work experience as medical assistant. *Tr. 104-106.*

## II. The ALJ's Decision[1]

The ALJ determined that Mr. Gailey had not engaged in substantial gainful activity since the alleged onset date of March 1, 2021, and had the following severe impairments: lumbar and cervical degenerative changes, left shoulder degenerative changes, depressive disorder, anxiety disorder, PTSD, and panic disorder. *Tr. 19-20*. However, the ALJ found that Mr. Gailey did not have a mental or physical impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

According to the ALJ, Mr. Gailey had the residual functional capacity ("RFC") to perform light work, with the following limitations: (1) occasional

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g).

climbing, balancing, stooping, kneeling, crouching, and crawling; (2) less than constant use of upper extremities but can frequently use upper extremities to reach, handle, finger, and feel; (3) can understand, remember, and carry out detailed, but not complex instructions; and (4) only occasional interaction with supervisors, coworkers, and the public. *Tr. 22*.

The ALJ determined that Mr. Gailey was unable to perform his past relevant work as a medical assistant. *Tr. 26*. Based on the testimony of the VE, the ALJ found that considering Mr. Gailey's age, education, work experience, and RFC, there were a significant number of jobs in the national economy that he could perform, including price marker, housekeeper, and mailroom keeper. *Tr. 131-132*. Accordingly, the ALJ determined that Mr. Gailey was not disabled.

## III. Discussion

### A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must review

the entire administrative record to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

**B. Mr. Gailey's Arguments for Reversal**

Mr. Gailey contends that the Commissioner's decision is not supported by substantial evidence because the ALJ: (1) failed to account for moderate limitations in concentrating, persisting, or pace in the RFC; (2) erred in rejecting psychological examiner Rosemary Burns' opinions regarding Mr. Gailey's mental limitations; and (3) erred in evaluating Mr. Gailey's subjective complaints regarding his mental impairments.[2] After carefully reviewing and considering the record as a whole, I recommend affirming the Commissioner's decision.

**C. Analysis**

**1. Limitations in Concentrating, Persisting, or Pace**

Mr. Gailey argues that the ALJ provided no explanation to "bridge the gap" between the step-three finding that he had a moderate limitation in concentrating,

[2] Mr. Gailey does not dispute the ALJ's findings regarding his physical limitations.

persisting, or maintaining pace and the step-four RFC determination that he could understand, remember, and carry out detailed but not complex instructions.

"A claimant's RFC is 'the most' that the claimant can do in a work setting despite [his] limitations." *Schmitt v. Kijakazi*, 27 F.4th 1353, 1360 (8th Cir. 2022) (quoting 20 C.F.R. § 404.1545(a)(1)). A claimant "bears the burden of proof to establish [his] RFC." *Despain v. Berryhill*, 926 F.3d 1024, 1027 (8th Cir. 2019). "An ALJ determines a claimant's RFC based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017) (quotations omitted). Ultimately, the RFC finding "is a decision reserved to the agency such that it is neither delegated to medical professionals nor determined exclusively based on the contents of medical records." *Norper v. Saul*, 964 F.3d 738, 744 (8th Cir. 2020).

Each step in the disability determination serves a distinct purpose—"the degrees of precision at each step differ, and [the] deferential standard of review precludes [the Court] from labeling findings as inconsistent if they can be harmonized." *Chismarich v. Berryhill*, 888 F.3d 978, 980 (8th Cir. 2018) (citing See *Lacroix v. Barnhart*, 465 F.3d 881, 888 n.3 (8th Cir. 2006)).

The ALJ found a moderate limitation regarding concentrating, persisting or maintaining pace, which means Mr. Gailey had a "fair" ability to function in the area

"independently, appropriately, effectively, and on a sustained basis . . . ." *Tr. 21*. Mr. Gailey alleged he had trouble finishing things, but the ALJ noted that he could follow written instructions and spoken directions "well." *Tr. 21, 334*. The ALJ also relied on Dr. Shannon Parsons' July 2022 consultative exam report, which noted that Mr. Gailey recalled two or three objects after a five-minute delay and recalled the remaining objects after a prompt, and he performed the serial-three task (subtracting serial threes from 100) with no difficulty. *Tr. 21, 992*.

The ALJ acknowledged Mr. Gailey's report that persistent anxiety attacks limited his ability to concentrate and perform basic work activities but concluded that Mr. Gailey's subjective complaints were not entirely consistent with the overall record. *Tr. 22-23, 334*. The ALJ also noted that Mr. Gailey's mental health improved with treatment. *Tr. 23-25*. For example, on January 3, 2023, Mr. Gailey reported to a mental health provider that he had had been "doing a lot better" after he started seeing a counselor and stopped smoking marijuana. And his prescribed medication reportedly "really helped." *Tr. 24, 1268*. The ALJ noted that with continued treatment, Mr. Gailey maintained intact short-term and long-term memory, average intellectual functioning, an accurate fund of knowledge, and fair insight and judgment, all consistent with a good prognosis. *Tr. 24, 1150*. "An impairment which can be controlled by treatment or medication is not considered disabling." *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

Regarding Mr. Gailey's daily activities, the ALJ noted that he performed yard work, used a computer, maintained his personal finances, and drove a car. *Tr. 24, 331-332*. The ALJ also noted that Dr. Parson's report indicated that Mr. Gailey demonstrated no serious difficulty conducting interpersonal relations, attended the demands of the interview process with no difficulty, remained on topic, and displayed "limited" difficulty completing tasks but no impairment in remaining goal directed. *Tr. 25, 993*. Regarding Mr. Gailey's ability to complete work-like tasks within an acceptable timeframe, Dr. Parsons wrote:

> The claimant adequately attended to tasks presented in the mental status examination in an acceptable amount of time. He does not have any difficulty understanding, remembering, or carrying out instructions but may struggle to respond appropriately to supervision, co-workers, and work pressure in a work setting due to his symptoms.

*Tr. 996*. The ALJ assessed the preceding portion of Dr. Parson's report as follows:

> Some vague and arguably disabling limitations - "limited" difficulty in concentration and 'may struggle' to respond appropriately - are vague, poorly supported by the . . . exam, and inconsistent with the mental status exams in the treating record and claimant's activity level.

*Tr. 25*.

Finally, the ALJ considered a treating source statement by Rosemary Burns, MA, a licensed psychological examiner. *Tr. 25-26.* Ms. Burns rated Mr. Gailey as having an extreme loss in the ability to complete a normal work week and marked limitations in several areas involving sustained concentration and persistence, responding appropriately to supervisors and coworkers, and adapting to changes in

a routine work setting. *Tr. 1309-1310.* The ALJ found Ms. Burns' opinion to be lacking sufficient explanation and inconsistent with the overall medical record and Mr. Gailey's activity level. *Tr. 26*.[3]

Contrary to Mr. Gailey's arguments, the RFC addresses and is consistent with the ALJ's finding that he has a moderate limitation in concentrating, persisting, or maintaining pace. The RFC limits Mr. Gailey to jobs that requires "understanding, remembering, and carrying out detailed, but not complex instructions," which addresses Mr. Gailey's ability to understand and complete a task and is central to the mental functioning area labeled "concentrating, persisting, or maintaining pace." More importantly, the RFC is supported by substantial evidence in the record – particularly evidence regarding Mr. Gailey's daily activities, consistently intact short-term and long-term memory, ability to perform a serial-three task without difficulty, and the undisputed fact that his mental impairments improved with treatment.

Mr. Gailey has not met his burden of establishing that the record was insufficient to support the ALJ's findings.

---

[3] Mr. Gailey testified that the Department of Veterans Affairs ("VA") rated him permanently disabled based on service-connected disabilities (*Tr. 129*), and he cites VA records documenting that in April 2021 he reported having "quite a bit" of difficulty concentrating. *Doc. 4 at 5*. The ALJ recognized Mr. Gailey's VA disability rating but correctly noted that "VA disability ratings [] are not evaluated as opinions under the current rules." *Tr. 26*; see also 20 C.F.R. Part 404.1504 (providing that disability determinations by other agencies, including the VA, are not binding on the Social Security Administration); *Hensley v. Colvin*, 829 F.3d 926, 935 (8th Cir. 2016) (noting that the disability finding of another agency is not binding on the Social Security Administration).

### 2. Assessment of Ms. Burns' Medical Opinion

Mr. Gailey asserts that the ALJ's rejection of Ms. Burns' medical opinion is not supported by substantial evidence.[4]

In October 2024, Ms. Burns rated Mr. Gailey as having an "extreme loss" in "the ability to complete a normal work week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." *Tr. 1309*. She found Mr. Gailey to have marked or serious limitations in: (1) accepting instructions and responding appropriately to criticism from supervisors; (2) getting along with coworkers without exhibiting behavioral extremes; (3) responding appropriately to changes in a routine work setting; and (4) coping with normal work stresses without exacerbating psychiatric symptoms. *Tr. 1310*.

Ms. Burns completed a statement form, noting: "Client is diagnosed with PTSD. If he encounters a trigger[,] he can experience exacerbation of symptom that can make work difficult or impossible at this time." *Tr. 1310.* Notably, Ms. Burns

---

[4] The ALJ must "evaluate the persuasiveness of medical opinions by considering (1) whether they are supported by objective medical evidence, (2) whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the source's specialization, and (5) any other relevant factors." *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)). However, "[t]he first two factors—supportability and consistency—are the most important." *Id.* (citing 20 C.F.R. § 404.1520c(a)). Pursuant to the regulations, "treating physicians are [no longer] entitled to special deference." *Austin v. Kijakazi*, 52 F.4th 723, 728 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(a)).

did not refer to a narrative report or other documentation to explain or support her ratings, as the form suggested.[5]

Ms. Burns' opinion that Mr. Gailey's PTSD rendered him unable to work is contradicted by other evidence as well. At the November 2024 hearing, Mr. Gailey testified that he had not worked since September 2019, when he voluntarily resigned from his job. *Tr. 106*. He testified that he resigned because his employer would not permit him to take off work to go to VA appointments, not because his PTSD made working difficult or impossible. *Tr. 107*.

The ALJ also noted that Ms. Burns' opinion was inconsistent with the overall medical record, which showed that, with treatment, Mr. Gailey was fully oriented and cooperative; demonstrated a logical thought process; maintained intact short-term and long-term memory; and had average intellectual functioning, an accurate fund of knowledge, and fair insight and judgment. *Tr. 24, 1268, 1142, 1150.*

It is not the job of the Court to reweigh evidence, but to determine whether the ALJ's decision is supported by substantial evidence, which is the case here. "So long as substantial evidence supports the ALJ's decision, [the Court] will not reverse even if substantial evidence would have supported a contrary decision or even if [the

[5] In a November 12, 2024 post-hearing statement, Ms. Burns opines that Mr. Gailey has a serious and persistent mental disorder, and although treatment is ongoing and diminishes the symptoms and signs of his mental disorder, there has been only marginal adjustment, and Mr. Gailey has minimal capacity to adapt to changes in his environment. *Tr. 26, 1399-1401*.

Court] would have decided the case differently." *Pierce v. Kijakazi*, 22 F.4th 769, 771 (8th Cir. 2022).

Mr. Gailey has not established reversible error as to the ALJ's assessment of Ms. Burns' opinions.

**3. Assessment of Mr. Gailey's Subjective Complaints**

Mr. Gailey asserts that the ALJ improperly discounted his subjective complaints by "focusing on surface-level activities while stripping the qualifying context." *Doc. 4 at 12-15*. He faults the ALJ for failing to consider his testimony that he never finishes things he starts, can drive but not for long periods, performs yardwork but has a small yard, and can go out in public (to the grocery store for example) but cannot be around big crowds. *Tr. 111-112*. Mr. Gailey also contends that the ALJ failed to address evidence related to his ability to sustain concentration and persistence in a work setting and focused instead on clinical encounters and findings. *Doc. 4 at 14*.

Contrary to Mr. Gailey's arguments, the ALJ correctly assessed his subjective complaints according to the standard adopted in *Polaski v. Heckler,* 739 F.2d 1320, 1321–22 (8th Cir. 1984). The *Polaski* factors require consideration of all relevant evidence, including the claimant's prior work record and observations by third parties and treating and examining providers about matters such as the claimant's daily activities, the duration, frequency and intensity of pain, precipitating and

aggravating factors, dosage, effectiveness and side effects of medication, and functional restrictions. *Id*. at 1322. The ALJ need not explicitly discuss each *Polaski* factor. It is sufficient if, as in this case, the ALJ acknowledges and considers those factors before discounting a claimant's subjective complaints. *Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010).

The ALJ considered but discounted Mr. Gailey's statements regarding the intensity, persistence, and limiting effects of his symptoms based on evidence that: (1) his anxiety and panic attacks improved with medical treatment; (2) he successfully performed a serial three test, even when he demonstrated an anxious mood; (3) he maintained the ability to perform daily activities that required sustained concentration; and (4) Dr. Parson's observation that he had no serious difficulty conducting interpersonal relations or attending to typical mental and cognitive demands, including sustained concentration. *Tr. 24-25*.

There is substantial evidence to support the ALJ's assessment of Mr. Gailey's subjective complaints, particularly those related to an ability to concentrate.

## IV. Conclusion

As set out above, the ALJ applied proper legal standards in evaluating Mr. Gailey's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE RECOMMENDED that the Court affirm the Commissioner's decision and enter judgment in favor of the Commissioner.

Dated 1 October 2026.

UNITED STATES MAGISTRATE JUDGE